On respondent's amended petition for attorney fees and costs and disbursements filed May 7, appellant's response filed May 22, and respondent's reply filed June 2, petition for attorney fees and costs and disbursements allowed in the amount of $9,630.80 in fees and $307.10 in costs September 17, 2014

STATE ex rel Gary SCHRODT,
*Relator-Respondent,*

*v.*

JACKSON COUNTY,
a political subdivision of the State of Oregon,
*Defendant,*

*and*

Harold HARDESTY,
*Adverse-Party Appellant.*

Jackson County Circuit Court
111620Z3; A149291

336 P3d 543

Eric B. Mitton and Hornecker Cowling LLP, for petition and reply.

Eugene V. Anderson and Davis, Hearn, Anderson & Turner, PC, for response.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

Respondent Gary Schrodt, who prevailed in *State ex rel Schrodt v. Jackson County*, 262 Or App 437, 324 P3d 615 (2014), petitions this court for an award of attorney fees and costs and disbursements on appeal under ORS 34.210(2) against appellant Harold Hardesty. That statute authorizes a discretionary award of attorney fees in mandamus proceedings, including proceedings—such as the instant case—to compel local governments to act on land use applications. *See State ex rel Aspen Group v. Washington County*, 166 Or App 217, 996 P2d 1032 (2000). Respondent seeks attorney fees in the amount of $15,328. For the reasons that follow, we exercise our discretion to award respondent attorney fees in the amount of $9,630.80.[1]

This petition arises out of an appeal of a trial court judgment granting mandamus relief to respondent under ORS 215.429, requiring Jackson County (the county) to approve respondent's land use application. Appellant, who is respondent's neighbor and intervened below, brought the appeal; the county did not participate in the appeal. In five assignments of error, appellant raised two primary issues on appeal: (1) "whether [respondent's] application is the type of application for which ORS 215.429 authorizes mandamus relief"; and (2) if so, "whether the trial court erred when it concluded that the approval of the application would not violate any substantive provision of the Jackson County Land Development Ordinance." *Schrodt*, 262 Or App at 438-39. We affirmed the trial court's decision to grant mandamus relief. *Id.* at 450. In so doing, we resolved the first assignment of error on the merits, we rejected the second and third assignments of error for the procedural reason that appellant had not provided an adequate record for appellate review (specifically, appellant had not provided the transcript of the trial court's evidentiary hearing on the mandamus petition), and we summarily rejected the fourth and fifth assignments of error, which challenged only the wisdom of the legislature's decision to enact ORS 215.429.

---

[1] Respondent also requests costs and disbursements as authorized by ORS 20.310 and ORS 20.190(1)(a). Appellant does not specifically argue that we should not award costs or object to the amount requested. We therefore award costs in the amount requested: $307.10. *See* ORAP 13.05(6)(e); ORS 20.320.

As noted above, ORS 34.210 authorizes us to designate a prevailing party in a mandamus proceeding and to award attorney fees to that party. ORS 34.210(2); *see Aspen Group*, 166 Or App 217; *see also* ORS 19.440 (authorizing fees on appeal if fees are authorized by another statute that neither expressly authorizes nor expressly prohibits fees on appeal). ORS 20.075, in turn, governs our discretionary determination whether to award attorney fees and, if so, how much.[2] ORS 20.075(1)-(2); *see Aspen Group*, 166 Or App at 219-20. Where, as here, the party against whom fees are sought is an intervenor in the proceeding, we have concluded that ordinarily an award of fees will be outside the permissible range of a court's discretion, "absent some finding of 'meritlessness or unreasonableness' on the part of the intervenor." *Niman and Niman*, 206 Or App 400, 423, 136 P3d 1186 (2006) (quoting *Aspen Group*, 166 Or App at 226). Thus, in *Aspen Group*, we concluded that the trial court "acted beyond the permissible scope of its discretion" when it awarded attorney fees against the intervenor in a land use mandamus case under *former* ORS 215.428 (1995), *repealed by* Or Laws 1999, ch 393, § 2, because (1) in such a case, the need for litigation arises from the local government's dereliction, not the intervenor's conduct; (2) the intervenor's defenses in the matter were objectively reasonable; and (3) an award of attorney fees against an intervenor in such a case "would serve to deter other citizens from participating in good faith in mandamus actions that are necessitated by the failure of local governmental authorities to perform their statutory land use decisionmaking responsibilities." 166 Or App at 227.

Applying those considerations here, we conclude that an award of a portion of the attorney fees requested on appeal is appropriate under the circumstances of this case. As in *Aspen Group*, this litigation arose not from appellant's conduct, but from Jackson County's dereliction. In addition, we cannot say that appellant's pursuit of this appeal, as a whole, was objectively unreasonable, and are mindful, as

---

[2] This petition concerns attorney fees on appeal. Thus, because we are deciding entitlement to fees in the first instance and are not reviewing a trial court's award of fees, our analysis is guided by the factors in ORS 20.075, not by a standard of review applicable to a review of an award of fees by a trial court.

in *Aspen Group*, that an award of attorney fees could deter other citizens from participating in a mandamus action resulting from a local government's dereliction.

Nonetheless, four of the five assignments of error raised by appellant on this appeal were not objectively reasonable under the circumstances. Again, two of the assignments of error simply contested the fairness of the procedure that the legislature indisputably authorized when it enacted ORS 215.429. And another two assignments of error—which may or may not have been meritorious—were not presented to us in a reasonable way, because appellant did not provide us with a sufficient record of the proceedings in the trial court to permit review of the assigned errors. In light of those facts, some award of attorney fees is appropriate against appellant for three reasons: (1) to deter other similarly situated parties "from asserting meritless claims and defenses," ORS 20.075(1)(d); (2) because it was not objectively reasonable for appellant to pursue assignments of error that required review of the hearing transcript without providing us with the hearing transcript, given our longstanding precedent requiring an appellant to provide an adequate record for review, ORS 20.075(1)(e);[3] and (3) because an award of fees would encourage compliance with the rules of appellate practice, ORS 20.075(1)(h) (allowing an award of fees based on other factors as the court determines is appropriate).

As noted, respondent has requested $15,328 in attorney fees for 70.10 hours of work on this appeal. Although appellant argues to the contrary, we conclude that, as a general matter, the fees requested, and the hours expended, are well within the range of reasonableness for an appeal of this nature. However, in light of the concerns identified in *Aspen Group*, together with the fact that appellant's

---

[3] *See* ORS 19.250(1)(e) (requiring an appellant to include in the notice of appeal a "designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file"); *King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981) ("It is well established that it is the duty of the appellant to designate and bring to the appellate court such portions of the record of the proceedings before the trial court as are necessary to support and establish his contention that the trial court committed the error of which the appellant complains on appeal."); *Ferguson v. Nelson*, 216 Or App 541, 549-50, 174 P3d 620 (2007) (applying rule announced in *King City Realty* and citing Court of Appeals decisions from as far back as 1980 conforming to that principle).

first assignment of error was not objectively unreasonable, we determine that a fee award of $9,630.80 is appropriate under the circumstances for the purposes of deterring intervenors from taking unreasonable positions on appeal and encouraging compliance with the rules of appellate practice while, at the same time, not discouraging the pursuit of meritorious appeals by intervenors who become involved in mandamus proceedings as a result of local governments' derelictions of duty.

We have computed that amount as follows. The submitted fee statement reflects that a portion of the requested fees resulted from work on respondent's motion to dismiss assignments of error two through five on the ground that appellant had not provided an adequate record for review of those assignments of error. As the Appellate Commissioner's order points out, that was not an appropriate basis for a motion to dismiss. Although we do not deem the motion frivolous, we decline to award fees for work on it, in light of the concerns identified in *Aspen Group*. Accordingly, we have subtracted those amounts that the billing records attribute to work on the motion to dismiss. To the extent that the billing records attribute certain work to both the motion to dismiss and respondent's separately filed motion to strike, which was granted, we deduct the entire amount of fees requested as a result of respondent's failure to segregate work on the nonmeritorious motion to dismiss from the work on the meritorious motion to strike.

Subtracting the fees attributed by the fee statement to the work on the motion to dismiss ($3,289.50) from the total fee request results in an amount of $12,038.50. We award four fifths of that amount ($9,630.80) to respondent, based on our determination that four of appellant's five assignments of error were not objectively reasonable under the particular circumstances of this case. Respondent is awarded $9,630.80 in attorney fees.

Petition for attorney fees and costs and disbursements allowed in the amount of $9,630.80 in fees and $307.10 in costs.